ALICE DESCHAMPS AND DESIRE JOSEPH DESCHAMPS, PLAINTIFFS-RESPONDENTS, v. L. BAMBERGER & CO., A CORPORATION, DEFENDANT-APPELLANT.

Argued May 5, 1942—Decided July 10, 1942.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the plaintiffs-respondents, *John W. McGeehan, Jr.*

For the defendant-appellant, *George F. Lahey, Jr.*

The opinion of the court was delivered by

PORTER, J. The defendant appeals from the plaintiff's judgment entered in the Common Pleas Court of Essex County.

Alice Deschamps, plaintiff, suffered personal injuries as the result of a fall she had in a lobby at one of the entrances of the department store of defendant's. Her husband sues *per quod.* She had been shopping and was about to leave the store accompanied by a companion. She was not familiar with this entrance, never before having used it. The vestibule is entered from the store through a revolving door. The floor in the store and under the space occupied by the revolving doors is level. The vestibule floor is of marble. Its width from the revolving door to the street door is a little over 15 feet. Beginning five inches from the jam of the revolving door the floor of the lobby slopes $7\frac{1}{4}$ inches downwards to the street door. There was no mat or other covering on the floor nor was it wet, the weather on the day of the accident being clear. Mrs. Deschamps followed her companion

through the revolving door in leaving the store and after getting into the vestibule fell, landing on her buttocks and sliding across the vestibule to the post of the outer door against which she struck her foot and suffered a broken leg. There was testimony that this marble was slippery and more so when sloped as here. There was no foreign substance either on the floor or on the shoes of Mrs. Deschamps. Therefore it is alleged that the proximate cause of the fall was the negligent construction and maintenance of this vestibule and the entrance to it from the store in such close proximity to the beginning of the declivity.

The main argument of appellant is that the trial court erred in not granting motions for nonsuit or directed verdict because the testimony failed to show any liability. We think that under the testimony as viewed most favorably to plaintiffs, as the rule requires, a jury question was presented and that the trial court did not err in denying the motions and submitting it to the jury.

A trial judge may not take away from the jury the question of whether or not a defendant was negligent and the question of proximate cause unless the inference to be drawn from the pertinent facts in evidence be such that fair minded men ought not to differ about them. *McKittrick* v. *Dugan Brothers of N. J., Inc.,* 119 *N. J. L.* 605, and cited cases therein.

Among the cases cited to support the appellant's contention that no negligence can be found under these facts is *Kelly* v. *Loft, Inc.,* 124 *N. J. L.* 185. The facts there were more analogous to the instant case than in any other to which our attention is called. In that case a floor in a candy store sloped and the plaintiff slipped and fell without the intervention of any foreign substance on the floor or on the plaintiff's shoes and apparently the fall was alleged to be due solely to the slope of the floor. A nonsuit was sustained because of the lack of any evidence of any slipperiness of the linoleum which covered the floor or of any evidence that the method of construction under the circumstances rendered the floor unsafe or dangerous. Sloping floors or slippery floors without more are not necessarily dangerous but where

as here we have a slippery marble made more so by the slope and no mats or other covering used as is customary in similar conditions and the slope being at the very threshold of the lobby where perhaps not easily observable we think the case is clearly distinguishable from the Loft case.

It is also urged that a nonsuit should have been granted because the female plaintiff testified that she was not sure what caused her to fall and that the proofs did not show that the construction was not standard and was the cause of the fall. We think these contentions to be without merit. Whether the female plaintiff knew what caused her fall or not is not important if there was testimony from which a fair inference might be drawn as to the cause. We think there was such testimony. As to the method of construction there was testimony that the conditions stated were improper and differed from that usually found in similar large buildings frequented by many people and was dangerous.

Objection is made to the court's ruling in allowing over objection testimony respecting the use of mats on the floors of the vestibules in similarly constructed places in the vicinity on the theory that such facts were not in issue under the pleadings or the plaintiff's theory of liability. We think that there is no merit to this contention. The complaint charges the defendant with creating and maintaining an improper, unsafe, dangerous and hazardous condition and an improperly constructed vestibule and floor, &c. Under the allegations we think this evidence concerning mats was competent.

We have examined other points raised and find them without substance.

The judgment is affirmed, with costs.